### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION
### AT ASHLAND

**CIVIL CASE NO. 14-141-WOB-CJS**

**DEBRA K. THOROUGHMAN**                                                      **PLAINTIFF**


**v.**                              **REPORT AND RECOMMENDATION**


**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                         **DEFENDANT**


\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Debra Thoroughman brings this action under 42 U.S.C. § 405(g) challenging Defendant Commissioner's final decision denying her application for benefits under Title II of the Social Security Act. This matter has been referred to the undersigned for preparation of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). At issue is whether the Administrative Law Judge (ALJ) erred in finding Plaintiff "not disabled" and therefore not entitled to benefits. After a thorough review of the administrative record, for the reasons explained herein, it will be **recommended** that the Commissioner's Motion for Summary Judgment (R. 33) be **denied,** Plaintiff's Motion for Summary Judgment (R. 32) be **granted in part,** and the matter be **remanded** to the Commissioner.

I.      **STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS**

In reviewing the decision of an ALJ in social security cases, the only issues before the reviewing court are whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The findings of the Commissioner are not

subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Blakley*, 581 F.3d at 406. "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id*. (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Thus, even if the evidence could also support another conclusion, the decision of an ALJ must stand if the evidence could reasonably support the conclusion reached. *Id.* (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In this case, Plaintiff must establish that she is disabled within the meaning of the Social Security Act in order to qualify for benefits. 42 U.S.C. § 423(a)(1). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, a claimant must demonstrate that he is not currently engaged in "substantial gainful activity." *Vance*, 260 F. App'x at 803 (citing 20 C.F.R. §§ 404.1520(b), 416.920(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate that he suffers from a severe impairment. *Id*. at 803-04. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id*. at 804 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least

twelve months, and the impairment meets or equals a listed impairment located at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. *Id*. (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). Fourth, the claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. *Id*. Lastly, even if the claimant cannot perform his past relevant work, he is not disabled if he can perform other work which exists in the national economy. *Id.* (citing *Abbott*, 905 F.2d at 923). Throughout this process, the claimant carries the overall burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy. *Id*. (quoting *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 548 (6th Cir. 2004)).

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Debra Thoroughman was 50 years old at the time of the ALJ's decision and 46 years old at the alleged disability onset date of February 15, 2006. (*See* Administrative Record (A.R.) 37, 19). Plaintiff has a ninth-grade education. (*Id.* at 37). Plaintiff has previous work experience as a CNA-certified caregiver for the mentally challenged, working in packaging, and laying fiberglass at a boat store. (*Id.* at 57).

In May 2007, Plaintiff filed an application for disability insurance benefits. (*Id.* at 131-40). These claims were denied initially, and again upon reconsideration. (*Id.* at 19). Plaintiff appeared and testified at a hearing before Administrative Law Judge (ALJ) Roger L. Reynolds on April 5, 2010. (*Id.* at 36). The ALJ also heard testimony from an impartial vocational expert (VE). (*Id.* at 56-60). After receiving testimony and reviewing the record, the ALJ issued a written decision on April 20, 2010, finding Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 19-35).

The ALJ used the five-step sequential process to determine that Plaintiff was not disabled. (*Id.* at 19-21). *See* 20 C.F.R. §§ 404.1520(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 15, 2006—the alleged onset date of her disability.[1] (A.R. 21). At step two, the ALJ determined that Plaintiff had the severe impairments of "chronic obstructive pulmonary disorder, continued nicotine abuse, status post left breast cancer with mastectomy, hypothyroidism, status post left hemithyroidectomy, major depression, gastroesophageal reflux disorder, and multiple myalgias, rule out fybromyalgia" under 20 C.F.R. § 404.1520(c). (*Id.*).

At step three, the ALJ analyzed Plaintiff's impairments individually and in combination and found that Plaintiff did not have an impairment that meets or equals the level of severity set forth in any of the Listings of Impairments under the applicable Federal Regulation. (*Id.* at 22-25). At step four, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform a reduced range of medium work as defined in 20 C.F.R. § 404.1567(c). That determination had the following limitations:

> [Plaintiff] retains the capacity to lift and carry fifty pounds occasionally, twenty five pounds frequently, sit/stand/walk up to six hours each in an eight hour day; no climbing of ropes, ladders or scaffolds; occasional reaching, grasping or overhead work with the left hand/arm; no aerobic activities such as running or jumping; no exposure to concentrated vibration, industrial hazards, dust, gases, smoke, fumes, poor ventilation, temperature extremes or excess humidity; she requires entry level work with simple repetitive procedures, no frequent changes in work routines; no requirement for detailed or complex problem solving, independent planning or the setting goals; and should work in an object oriented environment with only occasional and casual contact with the general public.

(*Id.* at 25-26).

---

[1] The ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2013. (A.R. 21).

At the hearing, the ALJ heard testimony from an impartial VE who stated that based on the RFC provided by the ALJ, Plaintiff could not perform any of her past relevant work. (*Id.* at 27). At step five, the ALJ heard testimony from the VE and adopted his opinion that, given an individual of Plaintiff's age, education, work experience, and stated RFC, there were other jobs in the national economy that such an individual would be able to perform, namely representative occupations such as simple packager and sorter or simple weigher/measurer/checker/inspector. (*Id.* at 27-28). Accordingly, the ALJ concluded that Plaintiff was not "disabled" for social security purposes. (*Id.* at 28).

Plaintiff appealed the ALJ's decision to the Social Security Appeals Council, and on October 29, 2010, the Appeals Council denied Plaintiff's request for review. (*Id.* at 11-13). The Appeals Council agreed to reconsider their denial when Plaintiff requested a second review, claiming that her due process rights were not satisfied under the first review because she had not been given access to the audio recording of her hearing testimony before the ALJ at the time the first review was conducted. (*Id.* at 9). The Appeals Council set aside their earlier denial, but again denied Plaintiff's request for review on July 23, 2014. (*Id.* at 1). On September 9, 2014, having exhausted her administrative remedies, Plaintiff timely filed her Complaint asserting the ALJ's decision was contrary to law. (R. 1).

Plaintiff filed a Motion for Summary Judgment on February 10, 2015. (R. 8). In support of this Motion, Plaintiff argues that the ALJ's RFC assessment improperly weighed the medical evidence. (R. 9 at 9-14). Plaintiff also contends the ALJ's credibility analysis is not supported by substantial evidence. (*Id.* at 15-16). Each of these arguments will be addressed in turn.

III.   **ANALYSIS**

5

**A.      The ALJ failed to properly weigh the evidence of claimant's treating physician.**

Plaintiff argues that the ALJ improperly discounted the opinion of Plaintiff's treating physician, Dr. Murphy Gollamudi. (R. 9, at 8). Because the ALJ failed to disclose the weight given to Dr. Gollamudi's opinion and failed to use the required five-factor analysis outlined in *Wilson v. Commissioner of Social Security* to explain how that weight was accorded, Plaintiff's argument is correct, and this case should be remanded for further analysis.

Although the ALJ is tasked with making the ultimate determination in any disability application, he is obligated to consider the evidence provided by medical personnel who have treated or examined a claimant. 20 C.F.R. § 404.1537(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). Doctors who have actually treated (as opposed to merely examined) a claimant are especially valuable in helping the ALJ make a disability determination:

> "Generally, [the ALJ] will give more weight to opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

20 C.F.R. § 404.1537(c)(2).

Medical evidence of record shows that Plaintiff treated with Dr. Gollamudi, a respiratory specialist, from January 6, 2009, to August 31, 2009. (A.R. 564-71). In January of 2009, Gollamudi diagnosed Plaintiff with COPD, an enlarged thyroid, and lung nodules. (*Id.* at 571). Plaintiff met with Dr. Gollamudi four times, at intervals ranging one to four months apart, between January and August of 2009. (*Id.* at 564-71). At each appointment, Dr. Gollamudi had Plaintiff run through various diagnostic tests to determine the extent of her health problems: Plaintiff had a computerized tomography scan (CT scan) and a position emission tomography scan (PET scan) on three separate

visits, a pulmonary function test (PFT) on two separate visits, and a bronchoscopy on one visit. (*Id.*).

Dr. Gollamudi filled out a pulmonary impairment questionnaire on September 29, 2009, that outlined

his opinion on Plaintiff's symptoms and ability to work, citing Plaintiff's CT scans and

bronchoscopy as the objective foundation for his opinion. (*Id.* at 572-78). Dr. Gollamudi's opinion

was that Plaintiff could never lift more than 10 pounds and could sit up to only 4 hours and stand or

walk up to 2 hours in an 8-hour day, 5-days-per-week work situation. (*Id.* at 575).

In evaluating opinion evidence under 20 C.F.R. § 404.1527(c), the opinions of treating

physicians are given substantial, if not controlling, deference in social security disability proceedings.

*Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted); 20 C.F.R.

§ 404.1527(c)(2). An ALJ must give the opinion of a treating source controlling weight if he finds

the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques"

and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R.

§ 404.1527(c)(2).

Moreover, if a treating physician's opinion is not given controlling weight, "the medical

opinion of a treating physician must be accorded greater weight than those of physicians employed

by the government to defend against a disability claim." *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir.

1988) (citations omitted).  But the opinion of a treating physician is entitled to greater weight only

if it is based on sufficient medical data, *Houston v. Secretary of Health & Human Services*, 736 F.2d

365, 367 (6th Cir. 1984). The Sixth Circuit has outlined procedural safeguards that must be adhered

to if the ALJ does not give a treating physician's opinion controlling weight:

> If the opinion of a treating source is not accorded controlling weight, an ALJ must
> apply certain factors—namely, the length of the treatment relationship and the
> frequency of examination, the nature and extent of the treatment relationship,
> supportability of the opinion, consistency of the opinion with the record as a whole,

7

and the specialization of the treating source—in determining what weight to give the opinion.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  *See also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013); *Willis v. Colvin,* No. 12-50-DLB, 2013 WL 4591236, at *3 (E.D. Ky. Aug. 28, 2013). Failure to weigh the factors in 20 C.F.R. § 404.1527(c)(2) will result in remand.  *Gayheart*, 710 F.3d at 380.  This standard requires a separate analysis from the ALJ's determination not to give a treating physician controlling weight.  *Allums v. Comm'r of Soc. Sec.*, No. 1:12 CV 2245, 2013 WL 5437046, at *3 (N.D. Ohio Sept. 27, 2013) (citing *Gayheart*, 710 F.3d at 375-76).

Finally, the Commissioner is not bound by the opinion of a treating physician when the opinion is contradicted by objective medical evidence.  *Cohen v. Secretary*, 964 F.2d 524, 528 (6th Cir. 1992).  Yet the applicable regulation also contains a clear procedural requirement: an ALJ must give good reasons for rejecting the opinions of treating physicians.  20 C.F.R. § 1527(c)(2); *see also Wilson*, 378 F.3d at 544.  These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Wilson,* 378 F.3d at 544 (quoting Soc. Sec. Rul. (SSR) No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

The ALJ must identify the substantial evidence that is inconsistent with the physician's opinion, *Gayheart*, 710 F.3d at 377, and "must not be vague or overly general[,]" *Willis*, 2013 WL 4591236, at *3. This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule."  *Wilson*, 378 F.3d at 544 (citations omitted).

8

In this case, the ALJ failed to follow this standard when deciding not to give controlling weight to the opinions of Dr. Gollamudi. In his opinion, the ALJ "discount[ed] Doctor Gollamudi's residual functional capacity. . . as being inconsistent with his own office notes, the pulmonary function studies, [plaintiff's] activities of daily living in caring for three grandchildren and the fact that [Plaintiff] continues to smoke against medical advice." (A.R. at 26). However, the ALJ did not identify precisely what non-controlling weight he gave Dr. Gollamudi's opinion, nor did he engage in the required factor analysis of 20 C.F.R. § 404.1527(c)(2) as outlined by the Sixth Circuit in *Wilson*, 378 F.3d at 544, and *Gayheart,* 710 F.3d at 380.

The Commissioner claims that this is harmless error. (R. 10, at 10 n. 6). This is incorrect. The Commissioner cites *Wilson* for the prospect that a *de minimis* violation may qualify as harmless error. *Id.* (citing *Wilson*, 378 F.3d at 547). However, Plaintiff's situation is nothing like the Sixth Circuit's two examples of *de minimis* error given in *Wilson.* The two hypothetical situations in *Wilson* of when an ALJ's failure to articulate the weight given to a treating physician's opinion could be *de minimis* were where the treating physician's opinion was "so patently deficient that the Commissioner could not possibly credit it," and "where the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion[.]" *Wilson*, 378 F.3d at 547. Neither of these scenarios are present in this case; Dr. Gollamudi's opinion was not "patently deficient,"[2] and the ALJ's findings were certainly inconsistent with that opinion.

_____

[2] Whether Dr. Gollamudi's opinion of Plaintiff's limitations is "credible" for purposes of Plaintiff's disability determination remains within the ALJ's discretion. However, given that Dr. Gollamudi's opinion is the result of a treatment relationship with Plaintiff, and he cites to objective test measurements as the basis for the opinion, the opinion is not so blatantly faulty or detached from reality that it can be considered "patently deficient" in a manner that would excuse the ALJ's failure to weigh the opinion in accordance with the *Wilson* factors.

That is not to say that those two hypotheticals from *Wilson* would be the only scenarios where an ALJ's failure to weigh a treating physician's opinion in accordance with the *Wilson* factors could be overlooked as *de minimis* error. However, a *de minimis* error in this context would be one that would not seriously jeopardize a claimant's right to the procedural protections afforded by the Social Security Act. In this case, where Plaintiff's treating physician has expressed an opinion on her capability to work that is not patently deficient and that is radically different from the ALJ's opinion, Plaintiff has the right to know what weight the ALJ assigned her treating physician's contrary opinion. That right requires the ALJ to use the five factors from *Wilson* listed above in determining what weight to assign the treating physician's opinion. *See Wilson*, 378 F.3d at 544. The ALJ's failure to explain the basis for refusing to give Dr. Gollamudi's opinions controlling weight was therefore substantial error. The ALJ must use the factor analysis from *Wilson* to assign an articulated weight to Dr. Gollamudi's opinion on remand.

**B.      The ALJ's credibility assessment is not supported by substantial evidence.**

The ALJ also found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. In his decision, the ALJ listed two reasons why he found Plaintiff's credibility lacking. The first was that Plaintiff's stated limitations were inconsistent with her home activities, which included raising three children. The second was that Plaintiff continued to smoke despite her physician recommending she quit, and Plaintiff gave misleading statements at her disability hearing to the effect that she had stopped smoking.

The Sixth Circuit has recognized that in some disability cases, the cause of the disability is not necessarily the underlying condition itself, but rather the symptoms associated with the condition.

*See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (*citing* 20 C.F.R. § 416.929; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 686 (6th Cir. 1992) (noting that "this court has previously held that subjective complaints of pain may support a claim for disability")).

Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain. 20 C.F.R. § 404.1529(a); *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 862 (6th Cir. 2011); *Rogers*, 486 F.3d at 247. First, the ALJ must ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 404.1529(a). Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.* Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions. *Id.*; *see also* SSR No. 96-7p, 1996 WL 374186, at *2-3 (Soc. Sec. Admin. July 2, 1996).

The ALJ and not the reviewing court is tasked with evaluating the credibility of witnesses, including that of the claimant. *Walters*, 127 F.3d at 531; *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). However, the ALJ may not make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." SSR No. 96-7p, 1996 WL 374186, at *4. Rather, such determinations must find support in the record. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective

11

medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with her complaints based on a consideration of the entire case record.  The entire case record includes any medical signs and laboratory findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record.  Consistency of the various pieces of information contained in the record should be scrutinized.  Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.  *Kalmbach*, 409 F. App'x at 863; *Rogers*, 486 F.3d at 247-48.

Social Security Ruling 96-7p also requires the ALJ to explain his credibility determinations in his decision with sufficient specificity as "to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence.  As the Sixth Circuit noted in *Rogers*, "where subjective pain complaints play an important role in the diagnosis and treatment of the condition, providing justification for discounting a claimant's statements is particularly important."  486 F.3d at 248 (*citing Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985)).

### 1. The ALJ's assertion that Plaintiff's household activities undermine her credibility is not supported by substantial evidence.

One of the reasons given in the ALJ's report for finding that the Plaintiff's statements regarding her symptoms were not credible is that those statements were "inconsistent with . . . her activities of daily living in caring for three grandchildren." (A.R. 26). However, this assessment is

12

not substantially supported by the facts, and therefore requires this case be remanded for a reevaluation of Plaintiff's credibility.

Plaintiff testified at her April 5, 2010, hearing before the ALJ that she and her husband were the caretakers for three of her grandchildren, at the time ages 15, 14, and 9. (*Id.* at 49). The children all lived in Plaintiff's home. (*Id.*) The children were regularly attending school at the time of the hearing. (*See id.*) No other information is contained in the record about the children, their daily routine, or exactly what tasks Plaintiff had to perform in order to care for the children.

In social security disability cases, an ALJ may take a claimant's activities into account when determining whether her symptoms are severe enough to make her disabled. If a claimant performs activities that are incongruous with his or her claimed disability or that indicate an ability to perform substantial gainful activity, this can be used as evidence to discredit the claimant's statements or the opinion of a treating physician. *See* SSR No. 96-2p, 1996 WL 374188, at *4 ("[A] treating source's medical opinion on what an individual can do despite his or her impairment(s) will not be entitled to controlling weight if substantial, nonmedical evidence shows that the individual's actual activities are greater than those provided in the treating source's opinion."); *see also Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (holding that the ALJ properly discounted plaintiff's credibility when plaintiff's stated ability to drive directly conflicted with his testimony regarding the limited use of his arms and neck).

In this case, however, the record does not demonstrate that Plaintiff's daily activities require anything close to the level of exertion that would be expected in a work environment. The ALJ's opinion emphasized the fact that Plaintiff cares for three children as inconsistent with Plaintiff's stated symptoms, but there is no evidence that this requires Plaintiff to exert herself in any particular

manner. Living with and caring for three children, the youngest of which was 9 years old at the time, is not inherently in conflict with Dr. Gollamudi's opinion that Plaintiff should never lift more than 10 pounds, should only sit for a maximum of 4 hours in an 8-hour workday and should only stand or walk 2 hours in an 8-hour work day. (*See* A.R. 575). It is also completely plausible that Plaintiff lives with and cares for her grandchildren and is still subject to the severe symptoms she described at her hearing, including pain up to a 10 on a 10-point scale, frequent exhaustion, and being unable to exert herself for long periods of time. (*See* A.R. 49-53). The Sixth Circuit has rejected the findings of ALJs in similar cases where a plaintiff's daily activities were viewed in an overly broad manner without fact finding into the actual physical exertion required. *See, e.g.*, *Rogers*, 486 F.3d 234 (6th Cir. 2007) (ALJ's finding that plaintiff's daily activities undermined her credibility was insufficient when the ALJ "mischaracterize[d] [plaintiff's] testimony regarding the scope of her daily activities [and] fail[ed] to examine the physical effects coextensive with" plaintiff's stated activities). "Caring for three grandchildren" means different things to different people. Absent more specific evidence of activities that are directly in conflict with the stated limitations from Plaintiff and Dr. Gollamudi, the ALJ's use of Plaintiff's daily activities to discredit her testimony and the opinion of her treating physician is not based on substantial evidence.

> **2.** **The ALJ properly considered Plaintiff's continuing to smoke against the instructions of her treating physician, as well as her inconsistent testimony regarding quitting smoking, when determining credibility.**

The ALJ's second stated reason for finding Plaintiff not credible is that she was still smoking despite the fact that doctors consistently prescribed smoking cessation throughout the course of her treatment. The ALJ's opinion found two flaws in Plaintiff's credibility based on her smoking: her

14

credibility suffered due to her failure to follow prescribed treatment, and her testimony regarding

when she quit smoking is inconsistent with the record and therefore undermines her credibility.

Plaintiff argues that the ALJ could not properly consider her continuing to smoke in

evaluating her credibility. Defendant cites a Social Security Ruling in support of her contention:

> SSA may make a determination that an individual has failed to follow
> prescribed treatment only where all of the following conditions exist:
>
> 1.      The evidence establishes that the individual's impairment precludes
> engaging in any substantial gainful activity (SGA) or, in the case of a disabled
> widow(er) that the impairment meets or equals the Listing of Impairments in
> Appendix 1 of Regulations No. 4, Subpart P; and
>
> 2.      The impairment has lasted or is expected to last for 12 continuous
> months from onset of disability or is expected to result in death; and
>
> 3.      Treatment *which is clearly expected to restore capacity to engage in
> any SGA* (or gainful activity, as appropriate) has been prescribed by a treating source;
> and
>
> 4.      The evidence of record discloses that there has been refusal to follow
> prescribed treatment.
>
> Without this finding, the statute doesn't apply, and so Plaintiff's RFC determination
> cannot be penalized for her failure to follow prescribed treatment.

SSR No. 82-59, 1982 WL 31384 (Soc. Sec. Admin. Jan. 1, 1982) (emphasis added). Plaintiff claims

that because the ALJ failed to find her disabled and did not inquire into whether quitting smoking

would restore her ability to work, the ALJ cannot use Plaintiff's failure to follow prescribed

treatment in evaluating her credibility.

Courts in the Sixth Circuit say otherwise. In circumstances such as the present case where

an ALJ has not declared the defendant to be disabled, SSR 82-59 does not apply. *See, e.g.*, *Williams

v. Comm'r, Soc. Sec. Admin.*, 2014 WL 1406433, at *12-13 (N.D. Ohio 2014). This means that the

limitations listed in SSR 82-59 do not apply "in cases where the ALJ has considered the

noncompliance [with prescribed treatment] as only one factor is [sic] assessing a claimant's credibility or in cases where no prior disability ruling was made by an ALJ that was thereafter undone by a claimant's noncompliance with treatment recommendations." *Kinter v. Colvin*, 2013 WL 1878883, at *15 (N.D. Ohio 2013); *see also Williams*, 2014 WL 1406433, at *13. Because the ALJ is using Plaintiff's failure to quit smoking not as the determinative issue in denying awarded disability benefits but as one factor in determining the credibility of Plaintiff's testimony, the ALJ's consideration of Plaintiff's failure to follow prescribed treatment was proper, and may be considered when reevaluating Plaintiff's credibility on remand.

The ALJ was also correct that Plaintiff's statements that she was quitting smoking were inconsistent with evidence in the record and are relevant to determining her credibility. When questioned at the April 5, 2010, hearing about her smoking, Plaintiff said that she had quit when that fact was not borne out by the evidence:

ALJ: Are you still smoking?

PLAINTIFF: No.

ALJ: When did you stop?

PLAINTIFF: Until June/July, July.

ALJ: Of 2009?

PLAINTIFF: Yes.

ALJ: [Dr. Gollamudi] indicated you were smoking- you were- he was proud that you were down to just one pack a day in August of 2009.

PLAINTIFF: Okay. It was after I was hospitalized that I quit smoking, and that was in June of 2009. I was at the St. Claire Regional Medical Center.

(A.R. 41). Dr. Gollamudi's report from Plaintiff's August 31, 2009, visit did in fact indicate that Plaintiff was still smoking at that time. (*Id.* at 564). Plaintiff was admitted to the St. Claire Regional Medical Center June 28, 2009, and discharged July 3, 2009. (*Id.* at 546).

A claimant's statements before an ALJ that are demonstrated to be untrue by other evidence in the record damage the plaintiff's credibility when determining whether the claimant should receive disability benefits. *See, e.g.*, *Lohman v. Comm'r of Soc. Sec.*, 2011 WL 4351609 (S.D. Ohio 2011) (plaintiff's false testimony at disability hearing regarding her past drug use bore negatively on her credibility); *Brannon v. Colvin*, 2015 WL 4479708 (M.D. Tenn. 2015) ("[I]n assessing a claimant's credibility as part of the RFC assessment, the ALJ may consider evidence of dishonesty and other inconsistencies in the record in assessing the claimant's credibility[.]").

Plaintiff said she had given up smoking before August 31, 2009, but her treating physician's notes indicate she was still smoking one-half of a pack of cigarettes per day at the time. (A.R. 564). Plaintiff stuck to her story even when given a chance to clarify the inconsistency by the ALJ during the hearing. (*Id.* at 41). The ALJ acted appropriately to treat this inconsistency as damaging to Plaintiff's credibility, and can still consider that as a factor when reevaluating Plaintiff's credibility on remand.

## IV.     CONCLUSION

As explained above, the ALJ's consideration of both the treating physician's opinion evidence and the Plaintiff's credibility necessitates remand. Accordingly, **IT IS RECOMMENDED** that:

1.     Defendant's Motion for Summary Judgment (R. 10) be **denied;**

2.     Plaintiff's Motion for Summary Judgment (R. 8) be **granted in part** as to Plaintiff's

17

request for a reversal of the Commissioner's decision and remand, and **denied in part** to the extent Plaintiff requests a court-ordered award of benefits; and

3.       The Decision be **reversed** and the matter **remanded** to the Commissioner under sentence four of 42 U.S.C. § 405(g), with instructions to reconsider and adequately explain the treatment of the opinion of Dr. Gollamudi and the determination of Plaintiff's credibility for purposes of her RFC determination.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir.), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within **fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(B).

Dated this 31st day of October, 2015.



**Signed By:**

*Candace J. Smith*

**United States Magistrate Judge**

I:\DATA\social security\14-141 Thoroughman R&R final.wpd

18